UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AUTO-OWNERS INSURANCE COMPANY,

    Plaintiff,

v.                                                    Case No. 10-C-0873

COLORADO INTERSTATE GAS,
EL PASO CORPORATION, and
ACE AMERICAN INSURANCE COMPANY,

    Defendants.

**DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS**

**I. BACKGROUND**

This action was commenced on October 6, 2010, when the plaintiff, Auto-Owners Insurance Company ("Auto-Owners"), filed a complaint against defendants Colorado Interstate Gas ("CIG"), El Paso Corporation ("El Paso"), and Ace American Insurance Company ("Ace"). It is a subrogation action in which Auto-Owners seeks to recover from the defendants the amount of $237,663.00. It was this amount that Auto-Owners paid to its insured, Al's Custom Cutting ("Al's"), for property damage to its vehicle that was allegedly caused when the driver of a vehicle owned by CIG (which in turn is owned by El Paso) collided with Al's vehicle. The collision occurred on or about November 5, 2007, on State Highway 79 in Weld County, Colorado.

According to the complaint, Auto-Owners is a Michigan insurance company with its principal offices located in Lansing, Michigan; CIG is a Colorado company with its principal offices located in Colorado Springs, Colorado; El Paso is a Texas corporation with its principal offices located in Houston, Texas; and, Ace is a Pennsylvania insurance company with its principal place of business located in Philadelphia, Pennsylvania, and whose registered agent in Wisconsin is CT Corporation

in Madison, Wisconsin. Auto-Owners alleges that Ace issued a policy of insurance that insured the vehicle owned by CIG at the time of the collision.

On November 17, 2010, the defendants filed a motion to dismiss the complaint on the grounds that this court lacks personal jurisdiction over the defendants, pursuant to Fed. R. Civ. P. 12(b)(2). On December 3, 2010, the plaintiff filed its brief in response to the motion and on December 15, 2010, the defendants filed their reply. Thus, the defendants' motion is now fully briefed and is ready for resolution. For the reasons that follow, the defendants' motion will be denied, and this case will be transferred to the District of Colorado.

## II. DISCUSSION

To begin, in their reply brief the defendants acknowledge that this court has personal jurisdiction over Ace. Thus, as to Ace, the defendants' motion to dismiss will be denied. Resolution of the motion with respect to the remaining defendants requires a bit more discussion.

On a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the plaintiff has the burden of proving that personal jurisdiction exists. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). In deciding the jurisdictional question, the court may consider and weigh the evidence offered by the parties. *O'Hare Int'l Bank v. Hampton*, 437 F.2d 1173, 1176 (7th Cir. 1971) "[W]hen the district court rules on a defendant's motion to dismiss based on the submission of written materials, without the benefit of an evidentiary hearing . . . the plaintiff 'need only make out a prima facie case of personal jurisdiction.'" *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). "In evaluating whether the prima facie standard has been satisfied, the plaintiff 'is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record.'" *Id*. (quoting *Nelson v. Park Indus.*, 717 F.2d 1120, 1123 (7th Cir. 1983)).

"A federal district court in a diversity case has personal jurisdiction over a non-consenting, non[-]resident defendant if and only if a court of the state in which the district court is sitting would have such jurisdiction." *Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660, 664 (7th Cir. 1986). Therefore, this court can assert personal jurisdiction over the defendants only if a court of the state of Wisconsin would have such jurisdiction. *See Kohler Co. v. Titon Indus., Inc.*, 948 F. Supp. 815, 817-18 (E.D. Wis. 1996) (discussing federal courts' jurisdiction in cases arising under federal law as opposed to diversity cases).

> The determination of whether a Wisconsin court would have jurisdiction over a non-consenting, non-resident defendant is a two-step process. The first question is whether defendant is subject to jurisdiction under an applicable Wisconsin state long-arm statute. If not, then there is no jurisdiction, and the inquiry is at an end. If the answer to the first question is yes, however, then the Wisconsin court must determine whether the exercise of jurisdiction under the long-arm statute does not run afoul of the due process requirements of the Fourteenth Amendment.

*Giotis*, 800 F.2d at 665.

Wisconsin courts have held that Wis. Stat. § 801.05 (the state long-arm statute) is "'intended to provide for the exercise of jurisdiction over nonresident defendants to the full extent consistent with the requisites of due process of law.'" *Vermont Yogurt Co. v. Blanke Baer Fruit & Flavor Co.*, 107 Wis. 2d 603, 607, 321 N.W.2d 315, 318 (Wis. App. 1982) (quoting *Zerbel v. H.L. Federman & Co.*, 48 Wis. 2d 54, 59-60, 179 N.W.2d 872, 875 (Wis. 1970)). At the same time, "[t]he Wisconsin Supreme Court has determined that its long-arm statute is to be liberally construed in favor of the exercise of jurisdiction." *Federated Rural Elec. Ins. Corp. v. Inland Power and Light Co.*, 18 F.3d 389, 391 (7th Cir. 1994) (citing *Schroeder v. Raich*, 89 Wis. 2d 588, 593, 278 N.W.2d 871, 874 (Wis. 1979)).

Auto-Owners has not offered any argument in support of any claim that this court has personal jurisdiction over either CIG or El Paso. Indeed, it has not offered any argument to dispute

3

the position of CIG and El Paso that (1) neither of them have had any contact with the state of Wisconsin, (2) neither of them does any business in Wisconsin, and (3) the subject matter of this action is a motor vehicle accident that occurred in Colorado. And it is not this court's obligation to make an argument for the plaintiff. Thus, it would appear that this court does not have personal jurisdiction over CIG and El Paso.

But, that does not necessarily mean that the complaint against them must be dismissed. Indeed, the plaintiff argues that, in the event the court were to find that it does not have jurisdiction over the defendants, the court should transfer the action to the District of Colorado, pursuant to 28 U.S.C. § 1406(a). For the reasons set forth below, the court will transfer this action to the District of Colorado, not only under the provisions of section 1406(a) but under 28 U.S.C. § 1631 as well.

Title 28 U.S.C. § 1406(a) reads as follows:

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

In turn, 28 U.S.C. § 1631 reads as follows:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Section 1406(a) requires transfers in the interest of justice, when venue and/or personal jurisdiction was not proper in the transferor court. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962). By contrast, there is some debate over whether § 1631 applies to cases like this where

personal jurisdiction is lacking.[1]  Some courts have held that § 1631 applies in cases where personal jurisdiction is lacking.  *See, e.g., Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 793 (10th Cir. 1998); *Lawman Armor Corp. v. Simon*, 319 F. Supp. 2d 499, 506-07 (E.D. Pa. 2004); *Anderson v. Sportmart, Inc.*, 57 F. Supp. 2d 651, 664-65 (N.D. Ind. 1999); *Gray v. Lewis & Clark Expeditions, Inc.*, 12 F. Supp. 2d 993, 999 (D. Neb. 1998); *United States v. Am. River Transp., Inc.*, 150 F.R.D. 587, 591-92 (C.D. Ill. 1993); *N. Am. Fin. Corp. v. Amgrar Gesellschaft Fur Farmlagen, mbH*, 702 F. Supp. 1435, 1439 (D. Minn. 1989).  Other courts, however, relying on the statute's legislative history, have held that § 1631 applies only to cure defects of subject matter jurisdiction.  *See, e.g., Songbyrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 179 n.9 (2d Cir. 2000) (noting that "the legislative history of section 1631 provides some reason to believe that this section authorizes transfers only to cure lack of subject matter jurisdiction"); *Pedzewick v. Foe*, 963 F. Supp. 48, 50 (D. Mass. 1997); *Levy v. Pyramid Co. of Ithaca*, 687 F. Supp. 48, 51-52 (N.D.N.Y. 1988).

Although the Seventh Circuit has not yet weighed directly in on the question, I am persuaded that the clear and unambiguous language of § 1631 is applicable equally to a situation where there is a lack of personal jurisdiction over the defendant as it is to a situation where there is a lack of subject matter jurisdiction.  In any event, in either case (whether under § 1406(a) or § 1631), a court shall transfer the case to any other district it could have been brought if it is in the interest of justice to do so.

There seems to be no dispute that this action could have been filed in the District of Colorado.  There is no suggestion by any of the defendants that they do not do business in that district.  Moreover, as the defendants note in their brief,

---

[1] Section 1631 was enacted after *Goldlawr* was decided.

> The accident occurred in Colorado. Colorado's tort law will apply. Colorado based police officers will likely be called at trial. Witnesses to the accident or its aftermath will likely be Colorado residents. The Plaintiff's own insured is in Texas as is one of the Defendants. Another Defendant, Colorado Interstate Gas, is in Colorado.

(Defs.' Br. at 9.)

In the end, I see no need to dismiss this case, only to have it re-filed in the District of Colorado. Indeed, to dismiss the case, even without prejudice, might jeopardize the plaintiff's ability to re-file the lawsuit, given that (at least according to the plaintiff) "[u]nder Colorado State law, all tort actions for bodily injury or property actions arising out of the use or operation of a motor vehicle must be commenced within three years from the date of the accident. C.R.S.A., § 13-80-101(n)(I)." (Pl.'s Br. at 2.) As noted previously, the accident occurred on November 5, 2007, and this action was filed on October 6, 2010. We are early on in the lawsuit and, in my view, the interests of justice call for the case to be transferred to the District of Colorado rather than dismissing it.

**NOW THEREFORE IT IS ORDERED** that the defendants' motion to dismiss be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of the United States District Court for the Eastern District of Wisconsin shall transfer this action to the District of Colorado.

**SO ORDERED** this 10th day of February 2011 at Milwaukee, Wisconsin.

BY THE COURT:

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge